IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
SEP 23 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-284 |
| CHRISTIAN BURRUS | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christy Criswell Wiegand, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

The United States Attorney filed a one-count Information against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Felon in Possession of a Firearm and Ammunition<br>On or about July 23, 2018 | 18 U.S.C. § 922(g)(1) |

### II. ELEMENTS OF THE OFFENSE

**A.    As to Count 1:**

In order for the crime of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That CHRISTIAN BURRUS knowingly possessed the firearm and/or

ammunition described in Count One of the Information;

    2.    At the time of the charged act, CHRISTIAN BURRUS had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

    3.    At the time of the charged act, CHRISTIAN BURRUS knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

    4.    CHRISTIAN BURRUS's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

## III. PENALTIES

**A.    As to Count 1: Felon in Possession of a Firearm and Ammunition, 18 U.S.C § 922(g)(1)):**

    1.    A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Christy C. Wiegand*
CHRISTY CRISWELL WIEGAND
Assistant U.S. Attorney
MA ID No. 647903
